UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD SATISH EMRIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 22-548 (UNA) |
| ) | |
| BOARD OF IMMIGRATION ) | |
| APPEALS *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a Complaint, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the case for want of jurisdiction.

Federal courts "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). "To satisfy the constitutional minimum for standing, an alleged injury must either have 'a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' *or* a statute must make the injury 'legally cognizable.' " *Farrell v. Blinken*, 4 F.4th 124, 135 (D.C. Cir. 2021) (quoting *Twin Rivers Paper Co. v. SEC*, 934 F.3d 607, 616 (D.C. Cir. 2019) (other citation omitted)

(emphasis in original))). "The defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff is a resident of Sarasota, Florida, who has sued the Department of Justice's Board of Immigration Appeals, the U.S. State Department, the U.S. Department of Homeland Security (DHS), and two DHS components. He seeks declaratory and injunctive relief "and pecuniary damages based on [his] interests" in "bringing his fiancé . . . from Karkov City, Ukraine, to the United States in an expedited proceeding[.]" Compl. at 2. Plaintiff alleges that he met his fiancé on a website; communicated with her via smartphone between 2019 and 2020; lost contact when he broke his phone in the summer of 2020; and reconnected with her "recently in January of 2022." *Id*. at 5-7. Plaintiff claims that "[a]fter looking all over the world for 'Mary from Kharkov City, Ukraine' and finally finding her on Muslim.com," he is "excited about the prospect of getting married to 'Mary from Kharkov City, Ukraine' and starting a family with her." *Id*. at 7 ¶ 28.

Plaintiff admits that he "is filing this cause of action [also] in the U.S. District Courts of Maryland, Eastern Virginia and Western Virginia," *id*. at 3, which along with a documented history of him as "a serial filer of frivolous actions in federal courts," *Emrit v. DeVos*, No. 8:20-cv-773-T-60TGW, 2020 WL 9078298, at *1 (M.D. Fla. Apr. 20, 2020), begs the question of why this Court should entertain the complaint. *See id*. at *2 (joining "other courts in finding that the complaint," filed also in ten other jurisdictions, "is 'frivolous and malicious as it is part of [Emrit's] ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits.'") (bracket in original)). Nevertheless, the Court agrees with the District of Maryland that "it is clear from the content of the [instant] Complaint that Plaintiff has not yet sustained an injury[,]" and "[w]ithout suffering an injury, Plaintiff has no standing to pursue this cause of action." *Emrit v. Bd. of Immigr. Appeals*, No. GJH-22-623, 2022 WL 943677, at *1 (D.

2

Md. Mar. 16, 2022). Plaintiff posits that "all five defendants would be committing negligence," and other wrongs, if they "fail[ ] to provide the plaintiff with assistance regarding helping the plaintiff obtain a fiancé visa or K-1 visa for 'Mary from Kharkov City, Ukraine," Compl. at 7-8, but he has not alleged that Mary has taken any steps to secure a visa, including appropriately applying for one.[1] Because Plaintiff cannot plausibly allege the deprivation of a protected right and resulting injury, this case will be dismissed by separate order.

                                                                            /s/
                                                 TIMOTHY J. KELLY
                                                 United States District Judge

Date: May 5, 2022

---

[1] The Eastern District of Virginia found that "[t]he plaintiff's case fails to satisfy the requirements of the ripeness doctrine . . . [b]ecause the plaintiff does not allege that Mary has applied for a visa nor that she has been denied one[.]" *Emrit v. Bd. of Immigr. Appeals*, No. 3:22-cv-117, 2022 WL 779999, at *1 (E.D. Va. Mar. 1, 2022). Whether discussed in terms of "ripeness" or "standing," the doctrines "boil down to the same question" and "originate in the same Article III limitation," *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 n.5 (2014) (citation omitted), that courts can only adjudicate "Cases" and "Controversies," U.S. Const. art III, § 2.